(89 App. Div. 219.)

## COX v. MASON (two cases).

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. TORT—OMISSION OF DUTY ARISING FROM CONTRACT.

The agreement of one selling a folding bed to put it up in a safe condition for the use of the purchaser and his wife imposes on him the duty to do this, making him liable to the purchaser and his wife, in an action of tort, for injury to the wife from his negligent failure to do so.

2. NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

The collapsing of a folding bed, injuring the purchaser's wife, when she merely touched it to take off the sheets, is sufficient evidence to go to the jury of the seller's negligent performance of his duty, assumed by agreement at the time of the sale, to put the bed up in a safe condition for use of the purchaser and his wife.

Appeals from Special Term, Kings County.

Two actions—one by Mary F. Cox, and the other by William R. Cox—against Isaac Mason. From judgments entered on the dismissal of the complaints at the close of plaintiffs' evidence on a trial of both actions together by consent, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James C. Cropsey (F. W. Catlin, on the brief), for appellants.
William N. Dykman, for respondent.

WILLARD BARTLETT, J. The appellant William R. Cox purchased a folding bed from the respondent, who agreed at the time of the sale to put up the bed in safe condition for the use of the purchaser and his wife, who is the other appellant, Mary F. Cox. The bed was set up by the respondent's agents in the premises of the appellants, and was used by them without accident for about a month. Mrs. Cox was engaged in removing a sheet one morning to air the bed, which was open, when the back of the bed or movable headboard fell over upon her, throwing her to the floor of the room and breaking her jaw. "I do not know whether I came in contact with any part of the bed," she says, "when I was reaching for the sheet. At any rate, I did not move against it heavily, anyway. I did not lean against it heavily." On account of the injuries thus sustained by the wife, she sues to recover damages, and the husband sues to recover for the loss of her services. Both actions are based upon the allegation that the defendant's servants were negligent in adjusting the weights and attachments upon the folding bed, and thereby left it in a dangerous condition for the use of the plaintiffs. The complaint was dismissed at the close of their evidence on the ground that the plaintiffs were bound to show some reason why the bed collapsed, and no such reason appeared in the proof.

I suppose there is no doubt that an action of this character is maintainable if the evidence suffices to make out the charge of negligence. "It may be granted," said Finch, J., in Rich v. N. Y. C. & H. R. R. Co., 87 N. Y. 382, "that an omission to perform a contract obligation is never a tort, unless that omission is also the omission of a legal duty." But this does not deny that the legal duty may be assumed by the very terms of the contract itself, and I understand the rule to be that stated by Mr. Wharton in his treatise on the Law of Negligence:

"Whoever by contract assumes a duty to another person is liable, in an action on the case, to such other person, for damages arising from the negligent performance of such duty." Wharton on Negligence (2d Ed.) § 435.

Here a duty was expressly undertaken by the seller of the folding bed—the exercise of reasonable care to put it up in a safe condition for the use of the buyer and his wife—and the principal question presented by the appeal is whether there was sufficient evidence of a failure to exercise such care to entitle the plaintiff to have the issue of negligence submitted to the jury. I think there was. It seems to me that the mere fact of the collapse of the folding bed under the circumstances narrated by Mrs. Cox was enough to warrant an inference of negligence in putting it up on the part of the defendant's servants, in the absence of explanation or other evidence showing the exercise of due care. The defendant does not contend that the collapse of a folding bed when lightly touched for the purpose of

airing the clothes thereon is an event apt to happen or ordinarily to be apprehended. Indeed, his assurance to the plaintiffs that he would put this bed up in safe condition for their use was an implied representation to the contrary; and if the accident was one which would not ordinarily occur, if the weights and attachments upon the bed had been properly adjusted, the occurrence of the accident as described in the testimony would permit a jury to infer negligence without further proof as to the precise cause of the collapse. See Griffen' v. Manice, 166 N. Y. 188, 59 N. E. 925, and the cases on the doctrine of res ipsa loquitur therein reviewed by Cullen, J. I think that the plaintiffs should have been allowed to go to the jury, and therefore are entitled to a reversal

Judgments reversed, and new trials granted; costs to abide the event. All concur.