MADELINE FURLOUGH, Administratrix, v. NASH COUNTY HIGHWAY COMMISSION and NELLO L. TEER.

(Filed 10 October, 1928.)

**Appeal and Error—Petitions to Rehear.**

Extraneous petitions to rehear filed by laymen who are not parties have no proper place in a petition to the Supreme Court to rehear a case.

Petition to rehear. See 195 N. C., 365.

PER CURIAM. Following the precedent recognized in *Cooper v. Board of Commissioners of Franklin County,* 184 N. C., 615, 113 S. E., 569, the *Justices* to whom the petition was referred submitted the same to the Court in conference.

The testimony was conflicting upon the question as to whether or not the road had been finished at the time of the injury sustained by plaintiff's intestate. There was testimony to the effect that the road had never been finished and that the engineers had no authority to accept the road. Indeed witness Cornwell testified without objection: "Mr. Teer had the road in charge at the time." The record discloses that the defendant made out a very strong case and the jury would have been fully and amply justified in finding the issues in his favor, but there was a conflict in the testimony, and under our system of jurisprudence, if there is any competent evidence upon an issue the weight of it is for the jury to determine.

There was also testimony to the effect that the pipe placed at the curve by the agent of the defendant gave the curve a deceptive appearance. If so, this was evidence of an independent act of negligence.

The defendant relies upon the case of *Overman v. Casualty Co.,* 193 N. C., 86, 136 S. E., 250, which was not called to the attention of the court at the former hearing. The question at issue in that case was whether or not the cause of action for material furnished a contractor was barred by the statute of limitations. It does not appear to us that the *Overman case* is in point. In the case at bar the liability of the defendant for negligence subsisted as long as he had the road in charge, and there was evidence tending to show that the road had not been completed at the time of the injury complained of.

In the petition to rehear there were certain extraneous petitions filed by outsiders not parties to the action and not attorneys at law. They were doubtless filed in good faith, but they have no place in the petition to rehear.

The petition to rehear has been given careful and diligent study and deliberation, and we find no sound reason for modifying or reversing the former opinion.

Petition denied.