MRS. T. C. COUNCIL v. DICKERSON'S, INC.

(Filed 18 April, 1951.)

**1. Pleadings §§ 3a, 31—**

Matter in a pleading is irrelevant and should be stricken on motion aptly made if it has no substantial relation to the controversy between the parties in the particular action. G.S. 1-153.

**2. Negligence § 1—**

The law imposes upon every person who enters upon an active course of conduct, regardless of whether he does so in his own behalf or under contract with another, the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence.

**3. Highways § 4b—**

When a contractor undertakes to perform work on a highway under a contract with the State Highway and Public Works Commission he is under positive legal duty to exercise ordinary care for the safety of the general public traveling over the road on which he is working.

**4. Same: Negligence § 16: Pleadings § 31—**

In an action by a motorist against a road contractor for alleged negligence causing injury to plaintiff when she undertook to drive across a highway being worked on where it intersected the highway on which plaintiff was traveling, allegation that defendant was performing the work under contract with the State Highway and Public Works Commission is

COUNCIL *v.* DICKERSON'S, INC.

relevant as stating the circumstance out of which arose the duty owed by defendant to the traveling public to exercise ordinary care, and motion to strike such allegation was properly denied.

**5. Torts § 2—**

An omission to perform contractual obligation is never a tort unless such omission is also the omission of a legal duty.

**6. Highways § 4b: Negligence § 16: Pleadings § 31—**

Allegations to the effect that a road contractor performing work on a highway under contract with the State Highway and Public Works Commission failed to provide flagmen and warning signs at particularized places as ordered to do by the highway engineer acting under the provisions of the contract, *held* irrelevant and should have been stricken on motion aptly made since the allegations relate to a breach of contractual obligations to the Commission and not the violation of a legal duty to the general traveling public.

**7. Appeal and Error § 40f—**

Exception to the refusal to strike certain allegations from the complaint upon motion aptly made will be sustained when the matter is irrelevant and its retention in the pleading will cause harm or injustice to movant.

APPEAL by defendant from *Bone, J.,* at the February Term, 1951, of WAKE.

Civil action to recover damages for actionable negligence heard upon motion to strike allegations contained in the complaint.

The complaint alleges, in detail, that on 16 September, 1949, the defendant, Dickerson's, Inc., a highway contractor, made a contract with the State Highway and Public Works Commission whereby the defendant agreed "to hard-surface the public highway known as the Apex-McCullers Road in southern Wake County"; that the defendant entered upon the performance of the contract; that while prosecuting work under the contract, to wit, on 1 December, 1949, the defendant was guilty of various allegedly negligent acts and omissions, which proximately caused injury to the plaintiff's person and damage to her automobile, as she approached and undertook to cross the place where the Apex-McCullers Road intersected with another highway on which she was traveling; and that by reason of the premises the plaintiff is entitled to "judgment against the defendant for the sum of . . . $3,300.00 for her personal injuries and automobile damages."

Before answering, demurring, or obtaining an extension of time to plead, the defendant moved to strike out these parts of the complaint:

1. The portion of paragraph 3 alleging that the defendant contracted with the State Highway and Public Works Commission "to hard-surface the public highway known as the Apex-McCullers Road in southern Wake County."

2. The three portions of paragraph 5 averring, in substance, "that the plaintiff's injuries and the damages to plaintiff's automobile . . . were directly and proximately caused by the negligence of the defendant . . . in that the defendant failed" to provide flagmen and warning signs at particularized places along the plaintiff's approach to the scene of the accident as ordered by the engineer of the State Highway and Public Works Commission acting under this provision of the contract between the Commission and the defendant: "The contractor shall place and maintain such signs, danger lights, and furnish watchmen and flagmen to direct traffic as in the opinion of the engineer may be deemed necessary."

The presiding judge refused to strike these portions of paragraphs 3 and 5 from the complaint, and the defendant appealed, assigning such ruling as error.

*Simms & Simms and John M. Simms for plaintiff, appellee.*
*Bickett & Banks for defendant, appellant.*

ERVIN, J.  Motions to strike out separate parts of pleadings are sanctioned by this provision of the Code of Civil Procedure: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted." G.S. 1-153.

Matter in a pleading is irrelevant within the purview of the statute if it has no substantial relation to the controversy between the parties in the particular action. *Howell v. Ferguson*, 87 N.C. 113.

No occasion arises in the instant case for us to express any opinion as to whether the plaintiff can sue the defendant for breach of its contract with the State Highway and Public Works Commission.  This is so for the very simple reason that the plaintiff sues for a tort and bases her action upon the complaint that she suffered personal injury and property damage as the proximate consequence of the negligence of the defendant in pursuing an affirmative course of conduct, *i.e.*, paving a highway.

Although the plaintiff sues in tort and not in contract, the contract between the defendant and the State Highway and Public Works Commission created the state of things which furnished the occasion for the tort for reasons stated below.  *Jackson v. Central Torpedo Co.*, 117 Okl. 245, 246 P. 426, 46 A.L.R. 338.

The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence.  It is immaterial

whether the person acts in his own behalf or under contract with another. Prosser on Torts, section 33.

When the defendant undertook to perform the promised work under his contract with the State Highway and Public Works Commission, the positive legal duty devolved upon him to exercise ordinary care for the safety of the general public traveling over the road on which he was working. *Furlough v. Highway Commission,* 195 N.C. 365, 142 S.E. 230, rehearing denied in 196 N.C. 160, 144 S.E. 693; *Evans v. Construction Co.,* 194 N.C. 31, 138 S.E. 411; *Hughes v. Lassiter,* 193 N.C. 651, 137 S.E. 806; *Kahm v. Dilts,* 222 Iowa 826, 270 N.W. 388; *Toler v. Hawkins,* 188 Okl. 58, 105 P. 2d 1041.

The judge rightly refused to strike out the bare allegation of paragraph 3 of the complaint that the defendant contracted with the State Highway and Public Works Commission to "hard-surface . . . the Apex-McCullers Road." That allegation must be read in combination with succeeding allegations of the complaint that the plaintiff was injured in her person and property by the negligent conduct of the defendant while it was actually working on the road under its contract with the Commission. When these allegations are thus read, they state facts showing that the defendant owed the plaintiff as a member of the traveling public the positive legal duty to exercise ordinary care to protect her from harm at the time and place named in the complaint because it was then and there engaged in an active course of conduct, *i.e.,* paving a highway, under its contract with the State Highway and Public Works Commission; that the defendant violated this legal duty; and that such violation of this legal duty proximately resulted in injury to the plaintiff's person and property. Thus the allegation of paragraph 3 of the complaint bears a substantial relation to the controversy between the parties when it is considered contextually.

But it is otherwise with respect to the three portions of paragraph 5 of the complaint challenged by the defendant's motion to strike. When these particular allegations are reduced to simple terms, they merely charge that the defendant inflicted injury on the plaintiff's person and property by failing to perform an agreement embodied in its contract with the State Highway and Public Works Commission whereby the defendant promised to station flagmen and to place warning signs at such places as the engineer of the State Highway and Public Works Commission should designate while the road was being paved. To be sure, the allegations under scrutiny undertake in general terms to characterize the nonperformance of the promise as negligence. An omission to perform a contract obligation is never a tort, however, unless that omission is also the omission of a legal duty. *Franceschi v. De Tord,* 71 F. 2d 95; *Attleboro Mfg. Co. v. Frankfort Marine, etc., Ins. Co.,* 153 C.C.A. 337, 240 F. 573;

*Dantzler Lumber & Export Co. v. Columbia Casualty Co.,* 115 Fla. 541, 156 So. 116; *Dice v. Barbour,* 161 Ky. 646, 171 S.W. 195, L.R.A. 1916 F, 1155; *Tuttle v. George H. Gilbert Mfg. Co.,* 145 Mass. 169, 13 N.E. 465; *Cox v. Mason,* 89 App. Div. 219, 85 N.Y.S. 973; *Frank v. Mandel,* 76 App. Div. 413, 78 N.Y.S. 855; *Dustin v. Curtis,* 74 N.H. 266, 67 A. 220, 11 L.R.A. (N.S.) 504, 13 Ann. Cas. 169.

While it required the defendant to exercise ordinary care for the safety of the general public traveling over the highway on which the defendant was working, the law did not impose upon the defendant a duty to obey the orders of the engineer of the State Highway and Public Works Commission respecting the stationing of flagmen and the placing of warning signs. Any such obligation was simply a creature of contract. This being true, the portions of paragraph 5 of the complaint under attack aver a breach of a contract obligation, and not a violation of a duty imposed by law. Hence, this matter has no substantial relation to the controversy between the parties as to whether the plaintiff suffered injury to her person and property on account of actionable negligence on the part of the defendant, and ought to have been stricken from the complaint pursuant to the defendant's motion.

Inasmuch as the complaint is so phrased as to give an exaggerated prominence to this irrelevant matter, we are constrained to hold that the retention of such matter in the pleading will cause harm or injustice to the defendant. *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185. The action is remanded to the Superior Court of Wake County with directions that an order be entered striking out the three portions of paragraph 5 of the complaint designated with particularity in the defendant's motion.

Error and remanded.