(October 19, 1961)

■ Trans Caribbean Airways, Inc., Appellant, v. Lockheed Aircraft Service-International, Inc., Respondent.—

Plaintiff and defendant entered into a contract whereby defendant agreed to service and maintain plaintiff's airplane. The first cause of action alleges breach of the agreement; the second alleges negligence in the performance of the agreement; and the third alleges negligence and breach of contract. The allegations of negligence include "making faulty repair". A person undertaking to perform work is charged with the common-law duty to exercise reasonable care and skill in the performance of the work. (*Rosenbaum* v. *Branster Realty Corp.*, 276 App. Div. 167, 168; *Cox* v. *Mason*, 89 App. Div. 219.) Negligent performance of the work gives rise to an action in tort and for breach of contract. Generally, failure or omission to perform the work at all is not a tort; it may sustain an action for breach of contract for nonperformance. But engagement upon the work, and the failure to do what was required in the exercise of care or the alleged faulty performance on the part of the defendant, entitles plaintiff to recover as damages the difference between the value of the airplane before and after the defendant's faulty performance. Consequently there is present damage to the plaintiff as well as the violation of a duty imposed by law, the combination of which gives rise to actionable negligence. Concur — Breitel, J. P., McNally and Noonan, JJ.; Stevens and Eager, JJ., dissent in the following memorandum by Eager, J.: I would affirm. It is true that a party, by virtue of contractual relations, may be under a duty imposed by law to exercise reasonable care in the work that he performs under the contract, and that a violation of such duty would be negligence. Clearly, however, the mere nonperformance of contractual obligations does not constitute a tort. A recovery in negligence as against a party to a contract must be supported by allegations and proof that there was a violation by him of a legal duty distinct from mere breach by him of contractual obligations. (See *Rich* v. *New York Cent. & Hudson Riv. R. R. Co.*, 87 N. Y. 382; *Rosenbaum* v. *Branster Realty Co.*, 276 App. Div. 167.) In the complaint here, the plaintiff, in its first alleged cause of action, specifically alleges the breach of the defendant's contract with plaintiff in particularly specified respects and, then, incorporates *in toto* the allegations of contractual breaches in the second and third causes of action. Thereupon, plaintiff alleges that the same damage claimed to have resulted from the contractual breaches was also the result of defendant's alleged negligence. This is done without, in my opinion, an adequate factual showing that such damages or any part thereof occurred through acts of negligence. There is a failure to adequately plead facts and circumstances showing the existence of a common-law duty to use care and the violation of such duty. For all that factually appears in said second and third causes of action, the plaintiff's damages

resulted wholly, directly and solely from contractual breaches alleged. (Cf. *Frank* v. *Mandel,* 76 App. Div. 413.) · *Rosenbaum* v. *Branster Realty Corp.* (*supra*) and *Cox* v. *Mason* (89 App. Div. 219) cited to sustain the alleged causes of action in negligence, are not controlling here. In the *Rosenbaum* case, the complaint was dismissed, the court specifically holding in effect that one may not " transform a mere breach of contract into actionable negligence " (pp. 168, 169). In the *Cox* case, it appeared that the plaintiff's damages did not result wholly, directly and solely from the breach of contract in that they resulted from personal injuries which were sustained in an accident, following the breach, and caused by a violation of a legal duty to exercise care to avoid such injuries.