■ ALICE P. NOBLE, Respondent, v. DESCO SHOE CORP., Appellant, and LANE BRYANT, INC., et al., Appellants-Respondents.— Judgment, Supreme Court, New York County, entered on May 8, 1972, adjudging that (a) plaintiff

is entitled to recover the sum of $85,000 plus interest and costs from defendants, (b) defendant Lane Bryant, Inc., is entitled to judgment over against defendant Desco Shoe Corp., and (c) defendant Hallowell Shoe Co. is entitled to judgment against defendant Desco Shoe Corp. on the latter's cross complaint, unanimously reversed, on the law, on the facts and in the exercise of discretion, and vacated, and a new trial directed, with $60 costs and disbursements to abide the event, unless plaintiff-respondent within 20 days of service upon her by the appellants of a copy of this order, with notice of entry thereof, serves and files in the office of the clerk of the trial court a written stipulation accepting $60.000 in lieu of the award by verdict, in which event the judgment, as so modified, is affirmed as to plaintiff against defendants, but reversed with respect to the adjudication of liability among the defendants, without costs and without disbursements, and the case remanded to the Trial Justice for further proceedings consistent herewith. Plaintiff purchased a pair of boots from defendant Lane Bryant. She asked for boots which could be worn without a shoe and was told the pair she purchased was weather resistant. Plaintiff also claims she was given a brochure (taken from the closed box containing the boots) indicating that these boots were manufactured by defendant Desco of durable water resistant leather. The shoes were actually manufactured by defendant Hallowell, a wholly-owned subsidiary of Desco. Hallowell was charged with the responsibility of inserting the brochures in boxes containing the boots; and it appears that the wrong brochure may have been inserted in the instant case. Plaintiff wore the shoes twice in inclement weather. On the next wearing, the heel of the left boot failed while she was ascending the stairway in her apartment house, causing her to lose her balance, fall and sustain the injuries complained of. It appears that the heel of the boot in question was made of a plastic composition and affixed to the boot by nails driven into a fiberglass material. This material expands and shreds when exposed to water and adversely affects the holding strength of the nails. Additionally, one strategically located nail was found to be missing. Plaintiff sustained a bimalleolar fracture of her right ankle as a result of her fall and initially sued Lane Bryant, the seller, and Desco, the former's supplier, on a combined theory of negligence and breach of warranty of fitness for use. Lane Bryant claimed over against Desco. Later, plaintiff sued Hallowell, the manufacturer, on the same theory, and Desco impleaded Hallowell. By order then entered. the actions were consolidated. At the trial the parties stipulated to try plaintiff's case to a jury and to leave the determination of the cross claims to the Trial Justice. At the close of the evidence, the negligence counts were dismissed. The jury returned an $85,000 general verdict in favor of plaintiff against all three defendants; and the trial court awarded Lane Bryant judgment over against Desco, but dismissed Desco's cross claim against Hallowell. On this appeal, all three defendants claim the jury's verdict was excessive. In light of the nature and extent of plaintiff's injuries, her special damages of approximately $3,400 and the fact that she was able to return to work full time some eight months after the accident, we would agree, on the record before us, that the award was excessive to the extent above indicated. With the exception of the disposition of the several cross claims, we have examined the other assignments of error raised hereon and find them without merit. This trial was conducted and concluded within approximately one month after the Court of Appeals decided *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). It appears that the impact of that case was not considered below and we accordingly remand for adjudication of the cross claims in light of said decision. In such connection, we have considered the contention made here that the rule of apportionment laid down in *Dole* should not be extended

to breach of warranty cases; but conclude that no distinction should be drawn between actions grounded in negligence and those based on breach of warranty. (*Cf. Coons* v. *Washington Mirror Works,* 344 F. Supp. 653.) Settle order on notice. Concur — Markewich, J. P. Kupferman, Murphy, Steuer and Capozzoli, JJ.