■ BRIAN HUGHES, Respondent-Appellant, v ATAKA AMERICA, INC., Appellant, and J. GERBER & Co., INC., et al., Respondents. (And another action.)

—Judgment, Supreme Court, New York County, entered August 30, 1974, after trial to the court and a jury, unanimously modified, on the law, so as to reverse and vacate that part of the judgment in favor of the plaintiff against defendant-appellant and in favor of defendants-respondents against plaintiff, the case remanded for trial anew against these four defendants, and otherwise the judgment is affirmed, with $60 costs and disbursements of this appeal to abide the event. This is a strict products liability case, not to be complicated by issues of negligence. Plaintiff-respondent-appellant was injured when a nail, being hammered into a batten to hold it to a plaster wall, fractured, a piece thereof being driven into plaintiff's eye. Experts declared the nail too brittle for use for this purpose, having been improperly tempered during manufacture. The nail had been purchased by plaintiff's employer from defendant-respondent Dykes; the chain of supply to Dykes runs back successively to defendant-respondent supplier Gardiner, subsidiary of defendant-respondent importer Gerber, and thence to defendant-appellant Ataka America, subsidiary of a Japanese nonparty exporter of similar name. The case was submitted solely on the theory of breach of implied warranty, and the jury's verdict was against defendant Ataka, and exculpated defendants-respondents Gerber, Gardiner and Dykes. Causes based on negligence were dismissed, properly so, and Gerber's claim over against plaintiff's employer was withdrawn by consent. The charge was highly confusing, limiting the jury to a choice of finding against either, but not more than one, of Dykes, Gardiner, or Ataka, to which all parties excepted. The defect having been concealed and being a substantial factor in the injury, and the product having been used for the purpose sold, it would have been possible to hold more than one defendant liable. (See *Codling v Paglia*, 32 NY2d 330; *Valez v Craine & Clark Lbr. Corp.*, 33 NY2d 117.) A charge under *Dole v Dow Chem. Co.* (30 NY2d 143), to provide a basis for apportionment of recovery was rejected, the court holding it improper in a warranty case. This court had expressly held to the contrary in *Noble v Desco Shoe Corp.* (41 AD2d 908). And, finally, there was evidence that Dykes' clerk, informed of the projected use of the nail, waved aside the purchaser's request for cut nails and proffered, as specific and appropriate for the job, the nails which later proved defective. If accepted, that evidence would have sustained a claim of express warranty, but the court refused so to charge. These errors necessitate a new trial against all parties defendant. Concur—Stevens, P. J., Markewich, Lupiano, Lane and Nunez, JJ.