■ 530 EAST 89 CORP., Appellant, v ARTHUR A. UNGER et al., Doing Business as UNGER & UNGER, Respondents. (And Another Action.)—Judgment, Supreme Court, New York County, entered June 13, 1975, dismissing the complaint at the close of plaintiff's case, affirmed, with $60 costs and disbursements to respondents. Desiring to construct a 13-story building, plaintiff-appellant contracted, on October 10, 1961, to purchase four brownstones. The contract allowed appellant to cancel should appellant be unable, through no fault of its own, to file architectural plans acceptable to the New York City Department of Buildings on or before October 16, 1961. Time was extremely important because new zoning regulations shortly to become effective would not permit the construction of the building appellant planned. Immediately prior to entering the contract, appellant met with defendants-respondents, architects, who told appellant they could prepare and file plans by October 16, 1961. On October 10, 1961, respondents wrote appellant to confirm their oral agreement of that date and to assure appellant "we will make every effort to satisfy all requirements so that the coverage is applicable under the old zoning. Under no circumstances do we imply a guarantee." Respondents' plans were filed with the Department of Buildings on October 13, 1961, and were accepted for filing. Appellant purchased the four brownstones. Approval of the plans was never achieved. Seven separate amended filings were found objectionable, and appellant introduced testimony to the effect that over the years respondents kept assuring it that acceptable plans would be forthcoming. Furthermore, respondents never produced an official survey and a test boring plan, prerequisites to issuance of a permit. However, the Department of Buildings listed a total of 84 grounds for denying the permit, the survey and test borings plan being only

two of them. On December 31, 1963 the time for filing expired and the Department of Buildings refused to examine further the plans. Appellant commenced action in 1965 claiming two causes of action: one for breach of contract, and the other for negligence. A jury trial was held, but after appellant completed its case, the court dismissed the complaint. It is true that: "Where a trial court dismisses a complaint at the close of the case, plaintiff is entitled to have the proof read in the light most favorable to him and to have the benefit of all inferences which can be reasonably drawn from the proof." (*Mendelow v Slabodkin,* 47 AD2d 712.) However, even viewing the proof in the light most favorable to appellant, dismissal was proper. Appellant alleges that respondents breached their contract by failing to prepare plans acceptable to the Department of Buildings. But respondents never guaranteed or promised to produce plans acceptable to that agency. In fact, such result was explicitly denied in the October 10, 1961 writing. Appellant, in reality, is not arguing contract breach but tort, claiming, in effect, that respondents failed to perform to the level of competence reasonably expected of architects. As we said in *Carr v Lipshie* (8 AD2d 330, 332, affd 9 NY2d 983): "This case falls within the orbit of those involving some form of malpractice by those engaged in one of the professions. Actions for breach of contract have been sustained where a specific result is guaranteed by the terms of the agreement, but not where the contracting party either expressly or impliedly promises to perform services of the standard generally followed in the profession or promises to use due care in the performance of the services to be rendered." Clearly the contract cause of action was properly dismissed. Likewise, the tort cause of action was properly dismissed. In *Major v Leary* (241 App Div 606) the court held that architects, like other professionals, must meet the test of ordinary and reasonable skill usually exercised by one of that profession. The mere failure to produce acceptable plans is not evidence of negligence. Furthermore, testimony by appellant's expert witness, an architect with 27 years of experience, is not sufficient to support a claim of negligence. The expert testified that it is the nature of the objections to the plans, and not the number of objections, which is most important; that the absent survey and test boring plans were minor objections as opposed to a major design problem unconnected with respondents' work; and that under the circumstances delays in production of the plans could be expected. We believe the reasoning in *Pipers v Rosenow* (39 AD2d 240), involving medical malpractice, is applicable. The court there said (p 243): "in the ordinary case of malpractice, a jury is not equipped to determine the issue of negligence simply as an inference from the circumstances * * * The information obtained from an expert witness supplies the jury with the means by which it can evaluate the conduct of the party charged with malpractice". (Citations omitted.) The expert testimony herein has done nothing to enhance the proof of negligence above an inference from the circumstances. A prima facie case of tort was not established. Concur—Markewich, J. P., Birns and Nunez, JJ.; Murphy and Capozzoli, JJ., dissent in part in the following memorandum by Capozzoli, J.: I dissent insofar as the judgment at Trial Term dismissed the second cause of action against defendants architects. The dismissal came at the close of plaintiff's evidence during this jury trial and, accordingly, "plaintiff is entitled to have the proof read in the light most favorable to him and to have the benefit of all inferences which can be reasonably drawn from the proof". (*Mendelow v Slabodkin,* 47 AD2d 712.) It is clearly established by the proof in this record that the plaintiff was interested in buying property only if an apartment house could be built on

the site. This was specifically communicated to defendants at the time they were employed by the plaintiff. It was recognized by all parties that the time within which proper plans were to be drawn and filed with the Building Department, for its approval, was limited. The parties knew that, if the proper plans were not filed by December 31, 1963 the hope of the plaintiff to build an apartment house on the site would be impossible of fulfillment because, under the law, the application would lapse. The record established that defendants failed to timely file an official survey or test boring plans and to otherwise cure the many objections repeatedly raised by the Building Department over a two-year period. This was the basis for the testimony of the plaintiff's expert, that defendants were guilty of "unusually long delay between the date of the issuance of objections and compliance or response to same". On the proof submitted fair questions of fact were raised as to whether the defendants were guilty of neglect and negligence in the execution of the duty which they undertook to perform on behalf of the plaintiff, as alleged in the second cause of action. I would reverse and remand for a new trial on the second cause of action. Order filed.