■ CITY OF NEW YORK, Respondent, v NEAL BETTIGOLE et al., Respondents, and NAB CONSTRUCTION CORP., Appellant.—Order, Supreme Court, New York County, entered August 18, 1976, denying defendant Nab's

motion to dismiss the sixth cause of action in the complaint, and the cross claim of the codefendants Bettigole, pursuant to CPLR 3211 (subd [a]) for failure to state a cause of action, is unanimously affirmed, without costs and without disbursements. Appellant Nab had entered into a contract with the City of New York to do certain work for the rehabilitation and improvement of the Park Avenue Vehicular Tunnel, Borough of Manhattan. Plans for this work were apparently prepared by codefendants Bettigole. Plaintiff contends it suffered damages because certain ventilation fans installed by defendant Nab were defective because they were not water tight. In addition to causes of action for breach of contract, the city alleged causes of action in negligence against all defendants. Defendant Nab contends that its liability, if any, is for breach of contract only and that accordingly the cause of action for negligence asserted by the city and the cross claim of codefendants Bettigole for indemnification on the theory of primary active affirmative negligence by defendant Nab should be dismissed as insufficient on their face. We do not think these issues should be decided on the bare face of these pleadings, but should await a further exploration of the facts. Improper performance of work can in some circumstances give rise to a cause of action for negligence as well as for breach of contract. *(Trans Caribbean Airways v Lockheed Aircraft Serv. Int.,* 14 AD2d 749; Prosser, Torts [4th ed], p 616.) Whether this is such a case cannot be determined from the face of this complaint. The same is true as to the validity or not of the cross claim by the codefendants. Indeed, the right of equitable contribution is by no means limited to tort cases. (Cf. 5 Pomerov's Equity Jurisprudence and Equitable Remedies, 1919, § 2338.) We note whichever way this motion is decided, all the parties will still be in the case and the entire case will still have to be gone into. In those circumstances, it is better that the adjudication of the rights of the parties be made on a consideration of the underlying facts rather than on the insufficiency of the pleadings. Concur—Birns, J. P., Silverman, Evans and Capozzoli, JJ.