Oscar L. TAYLOR, Plaintiff,

v.

G I EXPORT CORPORATION,
Defendant.

G I EXPORT CORPORATION,
Third-Party Plaintiff,

v.

ARTHUR ANDERSEN & CO.,
Third-Party Defendant.

No. 77 C 1226.

United States District Court,
E. D. New York.

April 17, 1978.

Sharfman, Shanman & Poret, New York City (James A. Shanman, New York City, of counsel), and Jacobson, Schonwald, Sandler & Travis, New York City, for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Jay G. Strum and Karen E. Katzman, New York City, of counsel), for defendant and third-party plaintiff.

Breed, Abbott & Morgan, New York City (James D. Zirin and George F. Vary, New York City and Wilson & McIlvaine and Charles W. Boand, Chicago, Ill., of counsel), for third-party defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

In this action plaintiff alleged that defendant G I Export Corporation ("G I Export") breached two written agreements to buy all the shares of two corporations owned by plaintiff in exchange for shares of G I Export stock. Plaintiff claims that in both agreements G I Export warranted the accuracy of financial statements and information presented to plaintiff to induce him to enter into the agreements and that the statements and information were materially inaccurate.

G I Export denied the complaint's material allegations and brought a third-party action against Arthur Andersen & Co. ("Arthur Andersen"), the accounting firm employed by G I Export to examine and express an opinion as to the financial statements. The amended third-party complaint asserts in one claim that if the allegations in plaintiff's complaint are found true and G I Export is held liable in damages to plaintiff, Arthur Andersen was negligent in the performance of its auditing engagement, in that it failed to discover errors and gave an opinion that the statements fairly represented the financial position and results of operations of G I Export. Thus it is claimed that Arthur Andersen is obligated to G I Export for whatever damages it must pay. The second claim in the amended third-party complaint seeks the same recovery over, on the theory that, if G I Export is found liable to plaintiff, Arthur Andersen failed to perform its contractual obligation properly to audit and report.

Arthur Andersen now moves to dismiss the amended third-party complaint, while plaintiff moves to compel Arthur Andersen to respond to interrogatories which it has declined to answer pending the motion to dismiss.

### I

Rule 14(a) of the Federal Rules of Civil Procedure provides in pertinent part that a defendant may serve a summons and third-party complaint "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Arthur Andersen contends that it is not a person "who is or may be liable" to G I Export.

Arthur Andersen's argument is that the amended third-party complaint seeks "indemnity", that is, "full reimbursement", for the entire amount of the damages G I Export sustains in the event it is held liable to plaintiff (not merely a contribution from Arthur Andersen for its share of the fault), that if G I Export is held liable, liability will be based not on the "wrong" of Arthur Andersen to the plaintiff, but on G I Export's "active wrong" to plaintiff, namely, the breach of the agreements, and indemnity may only be had where one "is compelled to pay for another's wrong."

Arthur Andersen thus urges that even if it acted wrongfully towards G I Export and as a proximate result G I Export is required to pay damages to plaintiff, Arthur Andersen may escape any liability to G I Export. The law requires no such unjust result. There can be no doubt that if Arthur Andersen was negligent and that negligence proximately caused damages to G I Export, it could recover in a separate action. In-

deed, Arthur Andersen's attorney conceded as much on oral argument. To say that such a claim for damages by G I Export cannot be litigated in the very proceeding which will determine whether there was damage is to make litigation a game.

Contrary to Arthur Andersen's presuppositions, ancient doctrines (now happily largely abandoned in New York) which recognized no right of contribution among joint tortfeasors, on the dubious assumption that such a rule would deter torts, or which denied any recovery in a negligence action to a contributorily negligent plaintiff, have no relevance to this case. Nor are cases discussing "active" and "passive" negligence. The issue raised by the claim over is whether Arthur Andersen, if G I Export is held liable in damages for breach of contract, committed acts which caused or contributed to the breach, and if so the extent to which Arthur Andersen should be charged with the fault.

■ The "right of equitable contribution is by no means limited to tort cases", *City of New York v. Bettigole*, 57 A.D.2d 797, 394 N.Y.S.2d 642, 643 (1st Dept. 1977), and in the event G I Export is held liable for breach of warranty and is unable to prove a right to full reimbursement from Arthur Andersen, it may still establish facts entitling it to contribution. *Hughes v. Ataka America Inc.*, 48 A.D.2d 808, 369 N.Y.S.2d 723 (1st Dept. 1975); *Noble v. Desco Shoe Corp.*, 41 A.D.2d 908, 343 N.Y.S.2d 134 (1st Dept. 1973); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975).[1]

■ While the case law with respect to indemnity and contribution has not been a model of clarity, perhaps because of what Prosser terms "the ancient specious argument" that courts should not aid one tortfeasor against another [*Prosser, Torts*, 4th

Ed. pp. 310–313], it is not the law, at least in New York, that one who is injured by another is barred from any recovery for the wrong merely because his own conduct contributed to the result. What G I Export did and the extent, if any, to which its acts require that recovery over should be limited must await development of the facts. I rule only on the pleadings.

## II

■ Arthur Andersen further contends that, assuming impleader was proper, the third-party complaint fails to state a claim insofar as it alleges that Arthur Andersen breached a contract with G I Export to provide accounting services. In *Carr v. Lipshie*, 8 A.D.2d 330, 187 N.Y.S.2d 564 (1st Dept. 1959), *aff'd.* 9 N.Y.2d 983, 218 N.Y. S.2d 62 (1961), it was held that a claim which essentially alleges professional malpractice may be brought as a breach of contract action only where the alleged contract guaranteed a specific result. See also *530 East 89 Corp. v. Unger*, 54 A.D.2d 848, 388 N.Y.S.2d 284 (1st Dept. 1976). It would appear that the agreement alleged between G I Export and Arthur Andersen is insufficient under the *Carr* opinion to sustain a claim. However, since the New York law on this subject seems to be to some degree in flux, [see *Sears, Roebuck and Co. v. Enco Assoc., Inc.*, 43 N.Y.2d 389, 401 N.Y.S.2d 767, 372 N.E.2d 555 (1977); *Paver & Wildfoerster v. Catholic High School Association*, 38 N.Y.2d 669, 382 N.Y.S.2d 22, 345 N.E.2d 565 (1976)] and since the development of the facts on this point will not be burdensome to the parties, I will allow the claim to stand without prejudice to renewal of the motion as to this claim when discovery has been completed.

Arthur Andersen's motion is denied.[2]

---

1. G I Export's rights against Arthur Andersen are to be determined under New York law.

2. Arthur Andersen also seeks dismissal of the third-party complaint on the ground that prosecution of the third-party action would unnecessarily delay and complicate resolution of the main action. The argument is frivolous. The parties agree that if Arthur Andersen's motion

were granted, G I Export would commence a separate action against Arthur Andersen which in all likelihood would be consolidated with this action. Granting the present motion would serve no purpose. Neither plaintiff nor G I Export claims that the addition of Arthur Andersen as a third-party defendant will prejudicially delay prosecution of the action.

## III

In view of the disposition of Arthur Andersen's motion, plaintiff's motion to compel Arthur Andersen to respond to its interrogatories is granted.

So ordered.