■ ALLISON POST, Respondent, v A. H. ROBINS CO., INC., et al., Defendants, and EASTERN WOMEN'S CENTER DIVISION OF PARK MADISON LABORATORIES, INC., Defendant and Third-Party Plaintiff-Appellant. A. H. ROBINS CO., INC., Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County, entered February 28, 1979, dismissing the third-party complaint, modified, on the law and in the exercise of discretion, without costs, to the extent of denying the motion to dismiss the second and fourth causes of action in the third-party complaint, without prejudice to renewal in a motion which also addresses the corresponding causes of action in the complaint. This is an action to recover damages for injuries allegedly sustained by plaintiff in connection with her being fitted with a Dalkon coil or shield and accompanying medical care. As against the defendant Eastern Women's Center (Eastern) alone, the complaint alleges negligence and malpractice. As against Eastern and A. H. Robins Co., Inc. (Robins), the complaint sets forth claims based on breach of warranty, statutory violations and strict products liability. Eastern cross-claimed against Robins seeking an apportionment of relative responsibility pursuant to CPLR 3019. Thereafter, plaintiff settled its case against Robins for the sum of $12,500 and executed a general release. Eastern then commenced a third-party action against Robins that was clearly intended in four causes of action to set forth claims for indemnification, although the prayers for relief erroneously referred to an apportionment of damages. Robins moved to strike the third-party complaint alleging with regard to one of the causes of action that it did not state a good cause of action, and as to the remaining three that the action was barred as a result of the settlement under CPLR 1401 and section 15-108 of the General Obligations Law. Special Term granted the motion to dismiss the complaint. We agree that the first cause of action seeking indemnification on the theory of active and passive negligence does not state a legal basis for indemnification *(Dole v Dow Chem. Co.,* 30 NY2d 143), nor does the third cause of action which refers in general terms to statutory violations. A different issue is presented with regard to the fourth cause of action seeking indemnification in the event liability is imposed on Eastern for strict products liability and the second cause of action which, although awkwardly phrased, apparently undertakes to seek indemnification if liability is imposed for breach of warranty. Although the law as to indemnification with regard to these causes of action is unsettled, we cannot

exclude at this early point in the litigation the possibility that if the plaintiff's causes of action for breach of warranty and strict products liability are upheld, that Eastern might have the right to seek indemnification against Robins. The essential substantive question thus is whether the complaint sets forth legally sufficient causes of action for breach of warranty and strict products liability. We have concluded that the validity of those causes of action in the complaint should not be determined on a motion addressed only to the third-party complaint, and in which the plaintiff does not participate. The legal effect of the order appealed from is to leave open as a theoretical possibility that plaintiff may recover from defendant on causes of action that, except for the order, might have permitted indemnification. (Cf. *Zuckerman v City of New York,* 66 AD2d 248.) The practical effect of the order, of course, would be the dismissal of the corresponding causes of action in the complaint on a later motion based upon a decision on a motion in which plaintiff had not participated. Neither consequence seems to us satisfactory. Moreover, it is apparent that Eastern is not ideally suited to argue for the legal sufficiency of causes of action directed against it. The determination of that issue, accordingly, should await a motion addressed as well to the pertinent causes of action in the complaint. (See CPLR 1008.) Concur—Sandler, Bloom, Lane and Silverman, JJ.

Fein, J. P., dissents in a memorandum as follows: I would affirm for the reasons stated by Justice Kent at Special Term. I would add the following: The majority suggests that it is premature to pass on the third-party defendant's motion to dismiss the third-party complaint and that the determination of the issues would be better served by a motion by the third party addressed to the complaint (CPLR 1008). Although CPLR 1008 authorizes a motion by a third-party defendant addressed to the complaint it would be anomalous and perhaps not even available here. The third-party defendant has been released by the plaintiff of liability with respect to all of the allegations of the complaint. Thus as between the plaintiff and the third-party defendant no causes of action survive. We need not determine here whether such a motion is viable, except to note that it would require a defendant, who has paid for a release by the plaintiff, to attack the complaint of the very plaintiff from whom he bought his peace. Be that as it may, analysis of the causes of action pleaded in both the third-party complaint and the original complaint requires that the third-party complaint now be dismissed, since there is no basis on which the third-party plaintiff is entitled to indemnification from the third-party defendant. As the majority states, the first cause of action in the third-party complaint seeking indemnification on the theory of active and passive negligence does not state a legal basis for indemnification *(Dole v Dow Chem. Co.,* 30 NY2d 143). The second cause of action in the third-party complaint appears to be a cause of action for breach of warranty, apparently founded upon the breach of warranty claim pleaded in the fourth cause of action in the underlying complaint. No claim for indemnification can be founded on this cause of action. The third-party plaintiff, Eastern Women's Center (EWA), in relation to plaintiff, stands in the position of a hospital providing services to the plaintiff consisting of rendering birth control and medical care, including providing and fitting plaintiff with the Dalkon coil or shield, which EWA rendered to plaintiff. The liability of a hospital to a patient under such circumstances consists in the rendition of services and not the sale of a commodity. Hence its liability is founded upon negligence and not breach of warranty *(Perlmutter v Beth David Hosp.,* 308 NY 100). Even assuming that

the Dalkon shield was defective and there was a breach of warranty in the sale of the shield by the third-party defendant to the third-party plaintiff, the operative fact is that the third-party plaintiff fitted plaintiff with the shield as part of its care and treatment. As alleged in Paragraph No. 20 of the original complaint, the liability of EWA is premised upon such acts by EWA in that it is alleged that the shield "was contraindicated for certain people and particularly this plaintiff". The entire complaint is premised upon the action of EWA in fitting the shield to the plaintiff. Thus, there is no circumstance under which the third-party plaintiff would be entitled to indemnification against the third-party defendant on the theory of breach of warranty. Under such circumstances contribution and not idemnification is the means of allocating liability, as this court has held in *Noble v Desco Shoe Corp.* (41 AD2d 908). The third cause of action in the third-party complaint is premised upon alleged violations of "statutes, codes, laws, ordinances". This is founded on the fifth cause of action in the underlying complaint. There is no indication in either complaint as to what statutes, codes, laws or ordinances are intended. Since the violation of statutes, codes, laws and ordinances is merely provable as evidence of negligence, there is no basis for indemnification. If the third-party plaintiff violated a statute, code, law or ordinance it would be chargeable with negligence for its own acts. If the third-party defendant violated statutes, codes, laws or ordinances it would be liable for its negligence. Apportionment and not indemnification would be the means for allocating the liability. The fourth cause of action purports to plead a cause of action for strict liability, apparently premised upon the sixth cause of action in the original complaint. Assuming that a cause of action for strict liability may be founded upon the events causing plaintiff's injury, it is plain that the roles of the third-party plaintiff and that of the third-party defendant differ. The liability of the third-party plaintiff would at least in part be premised upon its own acts, the fitting of the shield. If the shield was defective as alleged, EWA breached its independent duty in fitting it. This would be negligence. Assuming such acts provide a foundation for strict liability, the remedy against the third-party defendant is contribution, again assuming that selling a defective shield would impose strict liability on the third-party defendant. Apportionment is the appropriate method of allocating liability among defendants chargeable with strict liability where the acts of each are the foundation for the liability. As stated in *Doundoulakis v Town of Hempstead* (42 NY2d 440, 451): "Also the cause of controversy below, and potentially an issue on a new trial, is whether joint actors strictly liable for abnormally dangerous activities may cross-claim for apportionment of relative culpability. Extended discussion is not needed. Since adoption of the new CPLR article 14 (L 1974, ch 742), equitable apportionment of damages may be claimed among 'persons who are subject to liability for damages for the same * * * injury to property' (CPLR 1401). Nowhere is it required that the liability be predicated upon negligence (see Twentieth Ann Report of NY Judicial Conference, 1975, p 215; 2A Weinstein-Korn-Miller, NY Civ Prac, par 1401.13; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1401:3, p 362; see, also, *Hughes v Ataka Amer.,* 48 AD2d 808; *Noble v Desco Shoe Corp.,* 41 AD2d 908, 909-910). In short, should the dredging operation be found abnormally dangerous, the cross claims of the codefendants stand." The majority's reliance on *Zuckerman v City of New York* (66 AD2d 248) is misplaced. That order was designed to ensure the city's right to contribution against the Transit Authority if liability could be founded on negligence other than a defective sidewalk. The principle has no application here

where the issue is the right to indemnification as opposed to a *Dole* apportionment. Since every basis for liability of EWA in this action is founded in part upon its actions, it is entitled only to contribution and not indemnification. Since section 15-108 of the General Obligations Law precludes obtaining contribution from a joint tort-feasor who has been released, the third-party complaint was properly dismissed. This section, designed to expedite settlements, would be rendered ineffective if the third-party complaint here is sustained. EWA will be entitled to a reduction of its liability for damages to the extent of the amount paid for the release or in the amount of the third-party defendants share of the damages, whichever ·is greater (General Obligations Law, § 15-108).