■ BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF CAMILLUS, ONONDAGA, VAN BUREN, GEDDES AND ELBRIDGE, Appellant, v J. MURRAY HUEBER et al., Individually and Doing Business as PEDERSON, HUEBER, HARES & GLAVIN, ARCHITECTS AND ENGINEERS, Respondents. (Appeal No. 1.) — Judgment unanimously reversed, on the law and facts, with costs, and matter remitted to Supreme Court, Onondaga County, for new trial, in accordance

with the following memorandum: Plaintiff instituted this action to recover damages arising from the allegedly improper design and installation of an irreversible heat pump system in its new junior high school. The school was designed for it by defendants Hueber, Hares and others doing business as Pederson, Hueber, Hares & Glavin, Architects, and constructed by the remaining defendants who were prime contractors on the job. The complaint alleged various causes of action in contract and malpractice. The principal claim was that the architects had assured plaintiffs that the cost of the energy would not exceed a certain amount per year. We agree with the trial court that plaintiff failed to make out a prima facie cause of action on that ground either in tort or contract (see *American Union Transp. v McMullen Assoc.*, 52 AD2d 827; *Carr v Lipshie*, 8 AD2d 330, affd 9 NY2d 983). The court erred, however, in dismissing the complaint against the architects as to the remaining claim, based either on contract or negligence, that the architects failed to use due and reasonable care in designing the irreversible heat pump system (see *Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 396). Plaintiff's expert testified on direct examination that the heating system was not designed in accordance with proper engineering standards because it did not include a heat recovery unit. Inasmuch as his opinion was properly grounded on the facts in evidence and based upon his professional expertise in the field, this testimony with other evidence in the case was enough to establish a prima facie case for the jury's resolution. Defendants, noting that expert opinion evidence was required in an action of this type (see *530 East 89 Corp. v Unger*, 54 AD2d 848, affd 43 NY2d 776), urge that the evidence was not legally sufficient because the witness subsequently qualified his prior testimony. On cross-examination the expert was asked if the failure to include a heat recovery unit was a "design error" or a "judgment call". He answered, "probably a judgment call." Defendant architects thus contend the error in design, if any, is not actionable. As the Court of Appeals noted in holding that professionals are immune from malpractice liability for errors of judgment, the line between errors of judgment and professional malpractice is not easy to draw (see *Topel v Long Is. Jewish Med. Center*, 55 NY2d 682, 684). Even assuming this lay witness understood the legal distinction between errors of judgment and malpractice, however, and made a choice between them, his testimony on direct was legally sufficient and his apparently contradictory statement on cross did not diminish the legal sufficiency of the evidence. It was for the jury to decide whether the architects' conduct in designing the system was improper and if so, whether it was actionable, as the witness' testimony on direct indicated, or immune from suit, as his answer on cross-examination implied (see *Blum v Fresh Grown Preserve Corp.*, 292 NY 241, 245; *Wearever Upholstery & Furniture Corp. v Home Ins. Co.*, 286 App Div 93, 95). We agree with the Trial Justice that no cause of action was proved against the contractors, and we find no abuse of discretion in Special Term's denial of plaintiff's request to supplement or amend its complaint, made on the eve of trial. (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J. — breach of contract.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.