MILTON K. FUSSELL AND TERESA FUSSELL v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC., PACESETTERS REALTY, INC. OF WAKE COUNTY, THE TOWN OF APEX, AND THOMAS COOPER

No. 369A09

(Filed 17 June 2010)

**Negligence— sufficiency of allegations to state claim—turning on water at house—flooding—duty of care**

Plaintiffs' complaint for damages was sufficient to survive a Rule 12(b)(6) motion for dismissal where they alleged that defendant town's employee turned on the water at a house they had purchased even though no one had answered the door, left without checking the meter to determine whether the flow

**FUSSELL v. N.C. FARM BUREAU MUT. INS. CO.**

[364 N.C. 222 (2010)]

ceased in a short time, and an open bathtub spigot flooded the house. Under the liberal standards accorded notice pleading, the complaint adequately alleged that defendant owed plaintiffs a duty of care. By asserting that defendant's agent left the residence in the circumstances alleged and created a reasonably foreseeable risk of flooding, plaintiffs sufficiently stated a claim that defendant owed them a duty of care.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 198 N.C. App. ——, 680 S.E.2d 229 (2009), reversing an order dismissing plaintiffs' complaint entered on 6 December 2006 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Supreme Court 6 January 2010.

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for plaintiff-appellees.*

*Little & Little, PLLC, by Cathryn M. Little, for defendant-appellant Town of Apex.*

EDMUNDS, Justice.

In this case we consider whether plaintiffs' allegations of negligence against defendant Town of Apex ("defendant" or "Apex") adequately pleaded the element that defendant owed plaintiffs a duty of care. The complaint alleges that plaintiffs' property was damaged by flooding that resulted when, in response to a telephone call requesting that the water be turned on at the residence on the property, an agent or employee of Apex knocked on plaintiffs' doors and, receiving no answer, nevertheless turned on the water and left after confirming that the water meter was running. We conclude that plaintiffs' allegation of duty of care is sufficiently pleaded to avoid dismissal under the liberal standard applied when considering motions made pursuant to Rule 12(b)(6). Accordingly, we affirm the decision of the Court of Appeals.

Plaintiffs Milton K. Fussell and Teresa Fussell made the following allegations in their complaint. Plaintiffs purchased a house in Apex, North Carolina on 24 June 2004 from Seagroves Farm, LLC (Seagroves). Thomas Cooper, a real estate agent with Pacesetters Realty, Inc. (Pacesetters) represented Seagroves in the transaction. Plaintiffs had refused to close the sale before that date because Seagroves's tenant, Mary Lois Woodson, had not vacated the resi-

dence on the property. On 23 June 2004, as an inducement to complete the transaction, Cooper gave plaintiffs a written statement that Woodson would vacate the residence "as of midnight 6/23/04." Despite this assurance, Cooper nevertheless authorized, or at least allowed, Woodson to remain in the home as a tenant after 24 June 2004 without plaintiffs' knowledge or consent.

On 25 June 2004, Cooper telephoned Apex, and the call was answered by the Apex Police Department. Cooper requested that water service be restored at the property, representing that the tenant was preparing for a wedding and had no water. In response, Apex sent an employee or agent to the residence to reconnect the water. Despite having received no answer after knocking on the doors of the residence, Apex's employee or agent "reconnected the property's water service, confirmed that the meter was running, and left without taking precautions to ensure that no problems would arise as a result of the unauthorized and unexpected commencement of water service." A bathtub spigot was open at the time Apex recommenced water service. No one was present in the residence at that time, and water overflowed the tub and flooded the house for several days, causing substantial damage.

The complaint further alleged in Paragraph 36 that:

Defendant Apex's agents, servants, or employees were negligent in that the agents, servants or employees:

a. Failed to determine whether defendant Cooper had authority to direct that the water be turned on at the Property;

b. Failed to determine the status or condition of the faucets and other plumbing before turning the water on;

c. Failed to determine whether anyone was present in the house before turning the water on; and

d. Failed to take precautions to ensure that no problems would arise when the water was turned on.

Plaintiffs filed suit in Superior Court, Wake County, against Apex, Pacesetters, Cooper, and North Carolina Farm Bureau Mutual Insurance Company, Inc. All four defendants filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court denied the motions of Pacesetters and Cooper, but granted the motions of Apex and Farm

Bureau. Plaintiffs voluntarily dismissed their claims against Cooper and Pacesetters on 22 February 2008, then timely appealed the dismissal of their claim against Apex. Because Apex is the only defendant pertinent to this appeal, for clarity we will refer to it hereafter as "defendant."

In a divided opinion, the Court of Appeals reversed the dismissal, holding that the complaint's allegations sufficiently state a negligence claim on the grounds that defendant owed plaintiffs a duty of care when restoring water service to their property. —— N.C. App. at ——, 680 S.E.2d at 234. Because property damage is a reasonably foreseeable result of leaving water running in an unoccupied house, defendant violated that duty. *Id.* at ——, 680 S.E.2d at 230. The dissenting judge contended that no North Carolina case imposes upon a water supplier a duty of reasonable care to shut off the water supply in these circumstances, and because no such duty of care exists in North Carolina, plaintiffs' allegations failed. *Id.* at ——, 680 S.E.2d at 234-35 (Bryant, J., dissenting). Defendant appealed as of right on the basis of the dissent.

This Court treats factual allegations in a complaint as true when reviewing a dismissal under Rule 12(b)(6). *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006). A trial court considering a motion to dismiss on the basis of Rule 12(b)(6) should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory. *See, e.g., McAllister v. Khie Sem Ha*, 347 N.C. 638, 641, 496 S.E.2d 577, 580 (1998); *Mullis v. Sechrest*, 347 N.C. 548, 555, 495 S.E.2d 721, 724 (1998); *Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997). "A complaint may be dismissed pursuant to Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990).

Defendant argues that no law supports plaintiffs' negligence claim because defendant did not owe plaintiffs a duty of care. We have long held that a municipal corporation selling water for private consumption is acting in a proprietary capacity and can be held liable for negligence just like a privately owned water company. *Mosseller v. City of Asheville*, 267 N.C. 104, 107, 147 S.E.2d 558, 561 (1966). Specifically, such a provider is potentially liable for negligent acts of its agents or employees done in the scope of their agency or employ-

ment. *See Jones v. Gwynne*, 312 N.C. 393, 409, 323 S.E.2d 9, 18 (1984); *Munick v. City of Durham*, 181 N.C. 188, 195, 106 S.E. 665, 668 (1921). Accordingly, because a duty of care exists, the question before us is whether the allegations in plaintiffs' complaint are sufficient to establish the elements of negligence.

"To state a claim for common law negligence, a plaintiff must allege: (1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." *Stein*, 360 N.C. at 328, 626 S.E.2d at 267. "The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence." *Council v. Dickerson's, Inc.*, 233 N.C. 472, 474, 64 S.E.2d 551, 553 (1951). The duty of ordinary care is no more than a duty to act reasonably. The duty does not require perfect prescience, but instead extends only to causes of injury that were reasonably foreseeable and avoidable through the exercise of due care. *See Stein*, 360 N.C. at 328, 626 S.E.2d at 267; *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928) ("The risk reasonably to be perceived defines the duty to be obeyed . . . ."). Thus, "[i]t is sufficient if by the exercise of reasonable care the defendant might have foreseen that some injury would result from his conduct or that consequences of a generally injurious nature might have been expected. Usually the question of foreseeability is one for the jury." *Slaughter v. Slaughter*, 264 N.C. 732, 735, 142 S.E.2d 683, 686 (1965) (citations omitted).

Whether the harm was foreseeable depends on the particular facts. *Stein*, 360 N.C. at 328, 626 S.E.2d at 267-68. As the dissenting judge correctly noted, no North Carolina case has addressed the precise aquatic scenario now before us. In *Mosseller*, discussed in the Court of Appeals majority opinion below, the plaintiff brought suit against the defendant City of Asheville for injuries suffered when she slipped on ice. 267 N.C. at 105, 147 S.E.2d at 559. The ice had formed when water that leaked from the defendant's water main froze and thereafter had been covered with falling snow. *Id.* at 105-06, 147 S.E.2d at 560. The day before the plaintiff's accident, the superintendent of the defendant's Water Department had observed that the leak was causing a small flow down the gutter line of a street. *Id.* at 109-10, 147 S.E.2d at 562-63. There was no indication of bad weather at the time the superintendent observed the leak, and we found that so long as the water flow continued as observed by the superintendent, "it could not be reasonably foreseen that it would cause injury to a person using the street in the normal manner." *Id.* at 110, 147

**FUSSELL v. N.C. FARM BUREAU MUT. INS. CO.**

[364 N.C. 222 (2010)]

S.E.2d at 563. Noting that the water did not "invade the property of another," *id.* at 108, 147 S.E.2d at 561, this Court held that the City of Asheville did not violate its duty of reasonable care by failing to call out its repair crew to fix the leak immediately and that the evidence of negligence was insufficient to be submitted to a jury, *id.* at 111, 147 S.E.2d at 563-64.

Although *Mosseller* involves municipality-supplied water, it is at heart a slip-and-fall case factually distinguishable from the case at bar. The leaking water in *Mosseller* was flowing innocuously along a curb when observed by the defendant's agent. The water subsequently froze and an unexpected snowfall covered the ice. We found that, while the city had a duty to exercise reasonable care over its streets and that a negligence action against a city or water authority was not foreclosed as a matter of law, under the facts presented in *Mosseller*, the connection between the leak seen one day and the hidden ice on which the plaintiff fell another day was too tenuous to support the plaintiff's negligence action. In contrast, the complaint indicates that here the water flowed into plaintiffs' house, the flow was not directly observed by defendant's agent to be apparently harmless, and the damage began almost immediately. While the analysis in *Mosseller* is sound, because of these and other distinctions, the result in *Mosseller* is not controlling in the case *sub judice.*

A trial court should not grant a motion to dismiss unless it is certain that the plaintiff could prove no set of facts that would entitle him or her to relief. *Meyer*, 347 N.C. at 111-12, 489 S.E.2d at 888. Defendant argues that plaintiffs failed adequately to allege that defendant owed a duty of care to plaintiffs. Because we have held that such a duty can exist, *see Mosseller*, 267 N.C. at 107, 147 S.E.2d at 561, our inquiry here boils down to a determination whether the complaint sufficiently sets out facts that, liberally construed under notice pleading, allege that damage to plaintiffs' property from flooding was reasonably foreseeable and preventable by defendant. We hold that this showing was made and accordingly, affirm the decision of the Court of Appeals majority.

We reach this determination based on the totality of facts alleged in this particular case, which includes the actions of defendant's agent or employee at the residence. We do not hold that, in the absence of suspicious circumstances, a water company has a duty to investigate the identity or motives of someone seeking to have water turned on at a property. Nor do we hold that, after receiving a re-

quest to turn on water service, such a water company must ascertain that someone is home or that there are no leaks, open faucets, or plugged drains before acting on the request. Accordingly, the allegations in Paragraph 36, parts (a), (b), and (c) of plaintiffs' complaint, quoted above, fail adequately to allege a duty owed by defendant to plaintiffs.

Nevertheless, any person engaged in an active course of conduct must exercise due care to prevent foreseeable harm. *See Stein*, 360 N.C. at 328, 626 S.E.2d at 267; *Dickerson's, Inc.*, 233 N.C. at 474, 64 S.E.2d at 553. The complaint alleges that defendant's agent or employee attempted to determine whether someone was at the residence before turning on the requested water service and that no one answered the knocks. The agent or employee, having reason to believe no one was home, then turned on the water and confirmed that the water meter was running, but did not wait at the residence the short time necessary to determine if the water flow would cease as any empty toilets and other such receptacles filled, and, if the flow did not cease, to cut off the water or otherwise prevent potential damage. By asserting that the agent left the residence under the circumstances alleged, thereby creating a reasonably foreseeable risk of flooding and resulting damage to the property, plaintiffs have sufficiently stated a claim that defendant owed them a duty of reasonable care. Since this issue was the basis for the dissent, we do not address the other elements of plaintiffs' negligence claim. N.C. R. App. P. 16(b).

We emphasize that our holding addresses the pleading stage only. We cannot predict whether a developed record will support plaintiffs' allegations of actionable negligence. Nevertheless, we hold that, under the liberal standards accorded to notice pleading, the complaint has adequately alleged that defendant owed plaintiffs a duty of care sufficient to withstand a motion to dismiss filed pursuant to Rule 12(b)(6). The decision of the Court of Appeals is affirmed. We remand this case to the Court of Appeals for further remand to the trial court for additional proceedings not inconsistent with this opinion.

AFFIRMED AND REMANDED.