MARY SHERIDAN, as Administratrix of the Estate of HUGH W. SHERIDAN, Deceased, Respondent, *v.* CITY OF NEW YORK, Defendant, and LESTER T. DOYLE, as Trustee of the Surface Transportation Corporation of New York, Appellant.

First Department, July 1, 1958.

*Stuart Riedel* (*Goodwyn Kuyk* and *Addison B. Scoville* with him on the brief; attorney), for appellant.

*Anthony E. Sacco* (*Paul O'Dwyer* and *Howard N. Meyer* with him on the brief; attorney), for respondent.

*Per Curiam.* Defendant trustee of the Surface Transportation Corporation of New York appeals from a judgment entered upon a jury verdict in an action to recover damages for personal injuries suffered by plaintiff's decedent and for his wrongful death.

The accident giving rise to this lawsuit occurred on one of two pedestrian platforms or safety islands dividing a wide street in the borough of The Bronx. This platform was elevated a few inches above the roadway, curbed on both sides, and contained a fire hydrant, lighting poles, traffic signs and bus stop signs. Seperate areas on the island had been designated by the department of traffic as bus stops for various bus lines, including the line operated by defendant.

Plaintiff's sole witness as to the happening of the accident testified that on the evening in question the bus involved in the accident pulled into its allocated stop area adjoining the

center of the island. It waited there for a few minutes and some people boarded it. The decedent was walking on the island, alongside the bus, toward the front. While he was walking, the front door of the bus closed. He knocked on this door as the bus started moving; and at that moment his foot tripped in a hole in the platform near the curbstone and he slipped underneath the moving bus. Defendant offered proof that decedent was intoxicated, had grabbed the side door of the bus as it was moving away, and was swung off the platform as a result.

We need not consider several erroneous instructions given to the jury by the court relating to the duty of defendant to maintain the island and keep it in a state of repair, and the duty owed by defendant to persons intending to become passengers. Giving to plaintiff every fair inference to be drawn from the evidence, we are of the opinion that she failed to establish a case as a matter of law, and that the complaint should therefore have been dismissed.

On this appeal, for the first time, plaintiff relies upon section 178 of the Railroad Law as imposing liability on defendant. That section provides that every street railroad corporation " so long as it shall continue to use or maintain any of its tracks " shall keep in repair that portion of the street " between its tracks, the rails of its tracks, and two feet in width outside of its tracks ".

Street railway or trolley tracks border the island where the accident occurred, and the hole that allegedly caused decedent to trip and fall is at least physically within the railroad area prescribed by section 178. However, there is not a scintilla of evidence that defendant trustee or the company he represents ever owned, used or maintained these tracks; or that the company is the successor in interest or assign of any company that used or maintained the tracks.

Plaintiff contends that if section 178 is unavailable to her because of the reason above stated, then it becomes applicable here because of the provisions of a 1940 agreement between the City of New York and certain transportation companies, including the trustee's company. Eight street railway companies and the defendant's company are parties to this agreement; but by its terms only the railway companies and not defendant's company are required to repair the pavement in a railroad area (art. XIII, § 8) or remain liable for injuries resulting from the presence of the unused tracks (art. XIII, § 8). The island, concededly constructed by the city, was not built for any special use or benefit of defendant or his company.

Since defendant did not maintain the island, the inquiry turns to what duty was owned to the decedent as a prospective passenger. " [B]efore a duty of care toward a prospective passenger may be imposed upon the carrier the person of the passenger must be placed in some substantial sense in the custody of the carrier, either in the carrier's premises while waiting to take passage or upon his vehicle " (*McMahon* v. *Surface Transp. Corp. of N. Y.*, 272 App. Div. 202, 203). In this case the bus had waited with open door for several minutes while passengers were boarding it. The operator had then closed the door, and simultaneously with the starting of the bus the decedent appeared and knocked on the door. This set of facts, the strongest that can be mustered for the plaintiff, does not establish an acceptance of the decedent as a passenger, nor an invitation for him to enter the bus. Plaintiff does not contend that the decedent lost his balance or fell because of the act of knocking on the door. Under all of the circumstances, it cannot be held that defendant violated any duty it owed the decedent.

The judgment appealed from should be reversed and the complaint dismissed on the law and on the facts, with costs to appellant.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and BERGAN, JJ., concur.

Judgment so far as appealed from unanimously reversed upon the law and the facts, and the complaint dismissed, with costs, and the clerk is directed to enter judgment accordingly.