Emmett J. Schnepp, J.
In 1970, plaintiffs’ vehicle was struck by the Logsdon car and shortly thereafter, while the parties were discussing the accident, plaintiff husband received serious injuries when the school district bus struck the rear of the Logsdon vehicle. Plaintiffs sued the defendants for their separate acts of negligence. The answers of all defendants contained cross claims. At the close of plaintiffs’ proof a nonsuit was granted to the Town of Gates and the cross claims were severed. In December, 1973, the school district settled plaintiffs’ action for $175,000 and obtained a release which included the Town of Gates. Logsdon is willing to pay $25,000 for his "proportionate share” of the amount which the school district paid, on the condition that all cross claims against Logsdon, including that of the Town of Gates, are discontinued. The school district, with the consent and in behalf of Logsdon, has moved to dismiss the cross claim of the Town of Gates against Logsdon, on the ground that inasmuch as the town has no liability to the plaintiffs and has been released, the only remaining exposure is for its proportionate share of the settlement. The defendant town claims that the school district and Knaak allege in their cross claims that all defendants were liable to plaintiffs, and that the defendant town’s liability to the plaintiffs has already been determined by the trial court, and therefore its cross motion for an order dismissing the cross claim of the school district should be granted. It is conceded that the provisions of section 15-108 of the General Obligations Law, as amended, effective September 1, 1954, have no application to the facts before the court.
The determination of these motions invokes a consideration of the doctrine established in Dole v Dow Chem. Co. (30 NY2d 143). The position of the town, that, because its liability to plaintiffs has been determined, the cross claim of the school district should be dismissed as a matter of law, is without merit. The cross claim of the school district charges that the town was negligent in the performance of a snow removal contract and seeks indemnity for the town’s proportion of responsibility of the settlement. Its claim is one for contribution not for primary negligence. If plaintiffs had not proceeded against the town and recovered judgment against the remaining defendants, these defendants could thereafter have com *926 menced an action for indemnity against the town predicated upon its negligence and in that action could have sought an apportionment of responsibility. Additional proof of facts may be adduced upon the trial of the school district’s cross claim upon which it might be found that the town had some proportionate liability for the damages. (See Greenberg v City of Yonkers, 45 AD2d 314.) The cross claims of the defendants against town are still alive and viable and it may be found negligent for purposes of contribution by the production of evidence relevant to the issues involving the cross claims, not submitted by the plaintiffs.
The causes of action asserted in the cross claims are based on existing rights of contribution and apportionment of liability. These rights are not in the nature of affirmative claims and have no existence independent of the claims of plaintiffs. The right to an apportionment of damages among joint tortfeasors regardless of the degree or nature of fault of any one of the tort-feasors was created as a matter of substantive law by Dole v Dow Chem. Co., 30 NY2d 143, 153 (supra), where the court stated "Right to apportionment of liability or to full indemnity, then, as among parties involved together in causing damage by negligence, should rest on relative responsibility and to be determined on the facts.”
It is true, as the school district argues; that it can only recover from the town the proportionate share of the settlement which the town may be held to owe for its percentage of contribution to the accident and the town’s only liability may be to indemnify the school district in this respect. At this stage of the proceedings, plaintiffs can no longer recover against the town, which has no claim against Logsdon for negligence as such, but essentially only the right to apportionment of liability.
Each cross claim asserts a claim for apportionment against the codefendants in the event the cross claiming defendant is found liable to the plaintiffs, and the demand for relief is couched in similar terms. As previously pointed out, the essential claim of each defendant against his codefendant is for an apportionment of responsibility for the accident and damages. Pleadings, of course, are liberally construed and defects ignored if a substantial right of a party is not prejudiced. (CPLR 3026.) Further the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded. (CPLR 3017.)
*927 All of the parties are before the court, none of the defendants have discontinued or released their cross claim and the town should have the right in fairness between the parties to litigate and develop all the facts relative to the percentage of negligence that may be apportioned to Logsdon in accordance with the relative degree of culpability.