Memorandum. As a result of the plaintiffs’ choice to litigate their claim on a warranty theory, the issue of Cyanamid’s negligence was never submitted to the jury. Rather evidence of Cyanamid’s negligence was totally excluded during the first stage of trial. Now Cyanamid argues that not having been found negligent in the first stage, it was not possible for the jury to find Cyanamid negligent on the respondents’ cross claims. This position is patently without merit (Dole v Dow Chem. Co., 30 NY2d 143; cf. Rogers v Dorchester Assoc., 32 NY2d 553); particularly in light of the fact that the trial court emphasized on at least six occasions that evidence of Cyanamid’s negligence was to be presented during the second stage of the trial. The second stage was for an apportionment of liability among the Center and Rabineau, and Cyanamid, if the latter were found to have been negligent. We agree with the reasoning of Justice Shapiro (45 AD2d 314) and affirm on that opinion. Our affirmance should not be taken as approval of the trifurcation procedure utilized here by the trial court. It is preferable, and sometimes essential, that issues of liability be resolved at one stage of the trial.