OPINION OF THE COURT
John A. Monteleone, J.
This is a motion by the third-party defendant, St. John’s *1110 Episcopal Hospital, for summary judgment dismissing the third-party plaintiffs complaint of Dr. Howard A. English.
A prior action instituted by the plaintiffs against the third-party defendant hospital resulted in a jury verdict in favor of the hospital.
The subject matter of the first trial and the present actions is medical malpractice. The pleadings indicate that the infant plaintiff contended amongst his allegations of malpractice against the hospital that it failed to intravenously feed him in accordance with good and accepted hospital standards and practice. With respect to the defendant doctor, the infant plaintiff contends amongst other allegations, his failure to properly diagnose and treat.
Dr. English’s bill of particulars in the third-party action alleges that the hospital failed to properly notify him of the infant plaintiff’s condition and in failing to take proper steps to have avoided the injuries.
During the argument of this motion, the court was informed that Dr. English did not testify in the action of the plaintiffs against the hospital, and that the jury verdict in favor of the hospital was a general verdict not accompanied by special findings.
The issue to be decided herein is whether Dr. English is precluded from seeking indemnification and/or apportionment from the third-party defendant hospital because the latter received a verdict in its favor against the plaintiffs.
It is regrettable from a legalistic point of view that Dr. English was not sued by the plaintiffs herein in the first instance or that the hospital did not implead Dr. English therein. Accordingly, neither res judicata nor collateral estoppel is applicable. This motion does not affect the rights of the plaintiffs but solely those of the defendant Dr. English and the third-party defendant hospital. The issues, as they relate to the duties owed by the hospital to Dr. English, have not been litigated and adjudicated.
The hospital contention that if the plaintiffs recover a verdict no recovery can be had by the defendant Dr. English is refuted by the reasoning in Greenberg v City of Yonkers (45 AD2d 314, affd 37 NY2d 907). A tort-feasor may not be denied indemnity because his negligence was active. Dole v Dow Chem. Co. (30 NY2d 143) did not intend to continue alive the active-passive negligence dichotomy. Dole recognized that *1111 where a defendant’s liability has been determined with respect to the plaintiff, such determination cannot be the basis of a summary judgment against another defendant who was not a party to the original suit and who impleads a defendant. It is quite possible that the third-party defendant may be found negligent with respect to the third-party plaintiff by the production of evidence relevant to the issues in the third-party complaint not submitted by the plaintiff. (See Powell v Gates-Chili Cent. School Dist., 82 Misc 2d 924, affd 50 AD2d 1079.)
Therefore, although the third-party defendant hospital has been found to be free from any liability to the plaintiff, the doctrine established in Dole v Dow Chem. Co. (supra) and its progeny, makes the hospital’s contention that the third-party complaint should be dismissed as a matter of law untenable. The third-party plaintiff is entitled to a full trial on the merits in order to determine whether the hospital is liable to him.
Accordingly, the motion is denied.