■ EDDY QUIROZ et al., Appellants, v BRADLEY G. ZOTTOLA et al., Respondents. [11 NYS3d 194]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Smith, J.), dated February 15, 2013, which, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Eddy Quiroz (hereinafter the injured plaintiff) allegedly was injured when a school bus she was driving collided with a garbage truck being driven by the defendant Bradley G. Zottola. The injured plaintiff, and her husband suing derivatively, commenced this action against Zottola and his employer, the defendant Panichi Holding Corp. The trial court severed the issue of Zottola's alleged negligence from the issue of his codefendant's alleged negligence. Although "[i]t is preferable, and sometimes essential, that issues of liability be resolved at one stage of the trial" (*Greenberg v City of Yonkers*, 37 NY2d 907, 909 [1975]), "[t]he grant or denial of a request for severance is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance" (*Chiarello v Rio*, 101 AD3d 793, 797 [2012]; *see Zili v City of New York*, 105 AD3d 949, 950 [2013]). Under the circumstances of this case, the court's determination to sever the issue of Zottola's alleged negligence from the issue of his employer's alleged negligence in hiring and retaining him, in order to alleviate any potential prejudice to Zottola, was not an improper exercise of the court's discretion (*cf. Talavera v Arbit*, 18 AD3d 738 [2005]).

Moreover, the trial court did not improvidently exercise its discretion in limiting the cross-examination of Zottola. The court properly limited the plaintiffs' cross-examination of Zottola regarding his prior employment and negative credit history, due to the collateral nature of these issues (*see Badr v Hogan*, 75 NY2d 629, 635 [1990]; *Parsons v 218 E. Main St. Corp.*, 1 AD3d 420 [2003]). We also note that, with respect to Zottola's credit history, "civil judgments cannot be characterized as bad or immoral . . . acts involving moral turpitude that would allow them to be used to question the defendant's credibility" (*People v Heiss*, 221 AD2d 562, 563 [1995]).

The plaintiffs' contention that the trial court's jury charge was self-contradictory is not preserved for appellate review, as the plaintiffs never raised any such argument at trial, nor objected to the charge as given prior to the jury's deliberations (*see* CPLR 4110-b; *see also* CPLR 4107; *De Long v County of Erie*, 60 NY2d 296, 306 [1983]).

The plaintiffs' remaining contentions are without merit. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.