Mullen v Wishner (2019 NY Slip Op 08850)





Mullen v Wishner


2019 NY Slip Op 08850


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-08633
 (Index No. 28687/08)

[*1]Allison Mullen, appellant, 
v
Steven G. Wishner, respondent, et al., defendant.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Gabriele & Marano, LLP, Garden City, NY (Jennifer Larkin-Higgins and Melissa Goldberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 13, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Steven G. Wishner which was pursuant to CPLR 603 to sever the fourth, fifth, and sixth causes of action from the first and seventh causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against her physician, Steven G. Wishner, and his employer, Huntington Medical Group (hereinafter HMG), alleging, inter alia, that Wishner engaged in improper physical conduct with the plaintiff during a physical examination in 2006. In an amended complaint, the plaintiff asserted a cause of action against Wishner alleging medical malpractice (first cause of action) and causes of action against HMG alleging negligent training and supervision (fourth cause of action), negligent hiring (fifth cause of action), negligent retention (sixth cause of action), and vicarious liability for Wishner's medical malpractice (seventh cause of action). The plaintiff subpoenaed and thereafter deposed a nonparty witness, who testified to what she believed to be inappropriate conduct by Wishner during a medical examination that he performed on her in 2004.
Wishner subsequently moved, inter alia, pursuant to CPLR 603 to sever the sole cause of action asserted against him, alleging medical malpractice, from the remaining causes of action asserted against HMG, and for separate trials against each defendant. The Supreme Court granted that branch of the motion which was to sever the causes of action asserted against HMG alleging negligent training, supervision, hiring, and retention from the causes of action premised on medical malpractice. The court agreed with Wishner's contention that evidence that he allegedly engaged in similar conduct with another patient at HMG in 2004 would not be admissible at trial on the issue of whether he committed malpractice while examining the plaintiff at HMG in 2006. The plaintiff appeals.
"In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue" (CPLR 603). Here, the Supreme Court providently exercised its discretion in granting that branch of Wishner's motion [*2]which was to sever the causes of action asserted against HMG alleging negligent training, supervision, hiring, and retention from the causes of action premised on medical malpractice. In general, "it is improper to prove that a person did an act on a particular occasion by showing that he or she did a similar act on a different, unrelated occasion" (Matter of Brandon, 55 NY2d 206, 210-211). Thus, generally, evidence of prior unrelated bad acts of negligent treatment of other patients, even if relevant, constitutes impermissible propensity evidence that lacks probative value and "has the potential to induce the jury to decide the case based on evidence of [a] defendant's character" (Mazella v Beals, 27 NY3d 694, 710).
The plaintiff contends that the prior incident involving the nonparty witness is admissible under the common scheme or plan exception to the general rule (see Matter of Brandon, 55 NY2d at 212). Under the common scheme or plan exception, evidence of similar acts is admissible if it is established that the similar acts are "sufficiently connected with the act in issue such that each forms a part of a common plan on the part of the actor to achieve some ultimate result" (id.). Here, there was no such connection. There is no indication in this record that the alleged similar instance was anything more than a separate and independent act committed as the occasion arose, and not in pursuance of any preconcerted general plan or design (see id. at 213; Coopersmith v Gold, 223 AD2d 572, 573, affd 89 NY2d 957). The prejudice Wishner would suffer from the jury hearing inadmissible prior bad act evidence outweighs the benefit derived from the conduct of a joint trial (see Gittino v LCA Vision, 301 AD2d 847, 847-848; Soule v Norton, 299 AD2d 827, 828). Contrary to the plaintiff's contention, it was not necessary to wait for the assignment of a trial judge to determine whether a severance was required (see Reid v Haher, 88 AD2d 873).
Accordingly, the Supreme Court's determination to sever the issue of Wishner's alleged negligence from the issues of HMG's alleged negligence in training, supervising, hiring, and retaining him, in order to alleviate any potential prejudice to Wishner, was a provident exercise of the court's discretion (see Quiroz v Zottola, 129 AD3d 698; cf. Talavera v Arbit, 18 AD3d 738).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court